UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KAMALA S. B.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. C18-5914 JLR-TLF

REPORT AND RECOMMENDATION

Noted for November 8, 2019

Plaintiff has brought this matter for judicial review of defendant's denial of her applications for disability insurance and supplemental security income (SSI) benefits. This matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). For the reasons set forth below, the undersigned recommends that the Court reverse defendant's decision to deny benefits and remand this matter for further administrative proceedings.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections, and the parties shall have **fourteen (14) days** from service of objections, if any, to file a response. 28 U.S.C. § 636(b)(1); FRCP 6; FRCP 72(b)(2). This matter shall be set for consideration on **November 8, 2019**, as noted in the caption.

I. ISSUE FOR REVIEW

Did the ALJ err in evaluating the opinion of Dr. Erum Khaleeq?

## II. PROCEDURAL HISTORY

On November 6, 2014, plaintiff filed applications for disability insurance benefits and SSI benefits, alleging that she became disabled beginning July 29, 2014. Dkt. 8, Administrative Record (AR) 207, 217. Both applications were denied on initial administrative review and on reconsideration. AR 132, 140, 145. A hearing was held before an administrative law judge (ALJ). AR 32-63.

In a decision dated November 28, 2017, the ALJ found that plaintiff has the following severe impairments: Burn on her right hand; right ulnar neuropathy; chronic pain syndrome; chronic fatigue; fibromyalgia; diabetes; peripheral neuropathy; headaches; and depression. AR 18. The ALJ made an assessment of plaintiff's Residual Functional Capacity (RFC) and determined plaintiff could perform other jobs existing in significant numbers in the national economy and therefore that she was not disabled. AR 15-27. Plaintiff's request for review was denied by the Appeals Council on September 14, 2018. Plaintiff then appealed to this Court. AR 1; Dkt. 5; 20 C.F.R. § 404.981, § 416.1481.

Plaintiff seeks reversal of the ALJ's decision and remand for further administrative proceedings, arguing the ALJ erred in evaluating the medical evidence. Dkt. 10. For the reasons set forth below, the undersigned recommends the Court reverse and remand this case for further administrative proceedings.

## III. STANDARD OF REVIEW

The Court will uphold an ALJ's decision unless: (1) the decision is based on legal error, or (2) the decision is not supported by substantial evidence. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019)

(quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). This requires "more than a mere scintilla," of evidence. *Id.*

The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). It must weigh both the evidence that supports, and evidence that does not support, the ALJ's conclusion. *Id.* The Court considers in its review only the reasons the ALJ identified and may not affirm for a different reason. *Garrison*, 579 F.3d at 1010. Furthermore, "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (citations omitted).

If the ALJ's decision is based on a rational interpretation of conflicting evidence, the Court will uphold the ALJ's finding. *Carmickle v. Comm'r of Soc. Sec. Admin.,* 533 F.3d 1155, 1165 (9th Cir. 2008). It is unnecessary for the ALJ to "discuss *all* evidence presented". *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." *Id.*

## IV. DISCUSSION

The Commissioner uses a five-step sequential evaluation process to determine whether a claimant is disabled. 20 C.F.R. §416.920. The Commissioner assesses a claimant's RFC to determine—at step four—whether the claimant can perform past relevant work. *Kennedy v. Colvin*, 738 F.3d 1172, 1175 (9th Cir. 2013). If the claimant cannot, then the ALJ reviews—at step five—whether the claimant can adjust to other work. *Id.* The Commissioner has the burden of proof at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). The Commissioner

can meet this burden by showing that a significant number of jobs that the claimant can perform exist in the national economy. *Id.*; 20 C.F.R. §416.920(e).

I. The ALJ's Evaluation of the Medical Opinion Evidence

Plaintiff challenges the ALJ's decision, in assessing plaintiff's RFC, to discount opinions from plaintiff's consultative examiner, Erum Khaleeq, M.D. (Dr. Khaleeq). The ALJ failed to give clear and convincing reasons to reject Dr. Khaleeq's opinion. The ALJ erred in rejecting Dr. Khaleeq's opinion regarding plaintiff's limitations.

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017) (quoting *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008)). Even when a treating or examining physician's opinion is contradicted, an ALJ may only reject that opinion "by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* However, the ALJ "need not discuss *all* evidence presented" to him or her. *Vincent on Behalf of Vincent v. Heckler,* 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." *Id.*; *see also Cotter v. Harris*, 642 F.2d 700, 706-07 (3rd Cir. 1981); *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984).

Dr. Khaleeq examined plaintiff on March 21, 2015. AR 392. Dr. Khaleeq's opinion states:

> [Plaintiff] may take some time to perform work activities on a consistent basis as she was working under a customized schedule to accommodate her needs due to her physical health.

> The usual stress encountered in the workplace could further aggravate her psychiatric condition.
>
> [Plaintiff] is not able to attend workplace on a regular basis, unable to complete a normal workday/workweek as she always worked under a specified schedule.

AR 396.

The ALJ summarized Dr. Khaleeq's findings as follows:

> (1) the claimant can perform simple and repetitive tasks, and potentially detailed and complex tasks if she avoids getting distracted due to her pain; (2) she can accept instructions from supervisors, but may have some problems interacting with coworkers and the public; and (3) she may take additional time to perform work activities on a consistent basis, would have difficulty handling usual workplace stress, and cannot maintain regular attendance throughout the workday or workweek.

AR 24.

The ALJ gave partial weight to Dr. Khaleeq's [as summarized by the ALJ] first opinion, great weight to the [as summarized by the ALJ] second opinion and little weight to the [as summarized by the ALJ] third opinion. *Id*.

Plaintiff challenges the ALJ's evaluation of Dr. Khaleeq's third opinion [as summarized by the ALJ]. Dkt. 10. The ALJ gave the third opinion little weight because "it is inconsistent with [Dr. Khaleeq's] own remarks that the claimant performed "fairly well" on [the] mental health status exam […], as well as other examinations noting normal mood and affect." AR 24.

First, it should be noted that the ALJ's summary of the "three opinions" of Dr. Khaleeq does not accurately reflect Dr. Khaleeq's actual opinion.

With regard to the first and third portions of Dr. Khaleeq's actual opinion, Dr. Khaleeq notes limitations in plaintiff's ability in a workplace environment as a result of plaintiff's need for a specified or customized schedule. *Id*. During Dr. Khaleeq's examination, plaintiff explained

that when she was last employed she had a schedule accommodation under the Family Medical Leave Act to accommodate her physical needs associated with irritable bowel syndrome (IBS) and difficulty with mobility in the morning. AR 393. In fact, plaintiff explained that her former employer's inability to accommodate this schedule led to her termination. *Id*. Further, the first portion of Dr. Khaleeq's opinion expressly states that plaintiff needs a specialized schedule "to accommodate her needs due to her physical health." AR 396.

The ALJ's finding that Dr. Khaleeq's first and last opinion are contradicted by Dr. Khaleeq's remark that plaintiff performed "fairly well" on the mental status exam and "other examinations noting normal mood and affect," are not supported by the record. The ALJ has offered no explanation of how observations regarding plaintiff's mood, affect, and mental status, contradict an opinion regarding plaintiff's need for a special schedule to accommodate her physical health. The ALJ has provided no other basis to discredit these portions of Dr. Khaleeq's opinion.

Unlike the first and third portion of Dr. Khaleeq's opinion, the second portion of the opinion is related to plaintiff's mental health. AR 396. The ALJ gave this opinion little weight because it was "inconsistent with [Dr. Khaleeq's] own remarks that the claimant performed 'fairly well' on his mental status exam, as well as other examinations noting normal mood and affect." AR 24.

Dr. Khaleeq's evaluation that the claimant did "fairly well" on the mental status exam was made in the context of determining plaintiff's ability to manage funds if awarded benefits, not an evaluation of plaintiff's overall mental state. AR 395. In fact, the Dr. Khaleeq's opinion stated that "[t]he claimant could manage funding provided benefits as she has a work history and

did fairly well on the MMSE today." *Id*. On the other hand, Dr. Khaleeq's mental status examination notes state in relevant part:

> Attitude and Behavior: Polite and cooperative but tearful.
> Stream of Mental Activity/Speech: Somewhat slow.
> Contents of Thought: Feelings of worthlessness, crying spells. Denies any thought of self-harm or harm to others.
> Mood/Affect: Depressed/crying

AR 394. The ALJ has failed to explain how Dr. Khaleeq's observations regarding plaintiff's mental status during the examination contradict the opinion that workplace stress could aggravate plaintiff's psychiatric condition.

The ALJ also states that Dr. Khaleeq's opinion regarding the effect of work place stress is inconsistent with other examinations noting normal mood and affect. AR 24 (The ALJ cites to Ex. 7F/2, 65, 70, 105, 116, and 3F/25 as the examinations noting a normal mood and affect.). Notably, each of these cited observations were made during an evaluation of plaintiff's *physical* rather than mental symptoms. AR 384[1], 450[2], 506[3], 552[4], 563[5]. While each of these cited examinations note that plaintiff had a normal mood and affect, they do not show any mental status evaluation or otherwise examine plaintiff's mental health status. Further, the ALJ does not explain how a normal mood and affect during a *physical* examination is inconsistent with Dr. Khaleeq's determination that stress in the workplace would aggravate plaintiff's *psychiatric* condition.

For the foregoing reasons, the undersigned recommends that the Court find that the ALJ did not provide clear and convincing reasons to reject the uncontradicted opinion of Dr. Khaleeq.

---

[1] Plaintiff evaluated for dizziness and shortness of breath.

[2] Plaintiff evaluated for rashes on her torso and upper arm.

[3] Plaintiff evaluated for left leg pain.

[4] Plaintiff evaluated for gastroparesis.

[5] Plaintiff evaluated for gastroparesis.

Accordingly, the ALJ erred in rejecting Dr. Khaleeq's opinion. This error was not harmless. *Carmickle v. Comm'r of Soc. Sec. Admin.,* 533 F.3d 1155, 1162 (9th Cir. 2008) ("the relevant inquiry in this context is . . . whether the ALJ's decision remains legally valid, despite such error"). Dr. Khaleeq's opinion, if it had been given full weight by the ALJ, would have likely resulted in more severe functional limitations in the RFC. The record is ambiguous as to whether an appropriate evaluation of this evidence would cause the ALJ to change the hypothetical provided to the Vocational Expert and potentially change the RFC. Therefore, the ALJ's decision is not legally valid.

II. Remand For Further Administrative Proceedings

"The decision whether to remand a case for additional evidence or simply to award benefits[,] is within the discretion of the court." *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) (internal quotation marks omitted). If an ALJ makes an error and the record is uncertain and ambiguous, the court should remand to the agency for further proceedings. *Leon v. Berryhill,* 880 F.3d 1041, 1045 (9th Cir. 2017). Likewise, if the court concludes that additional proceedings can remedy the ALJ's error, it should remand the case for further consideration. *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017).

Plaintiff has requested that the ALJ's decision should be reversed and remanded for additional proceedings. The undersigned agrees and recommends that the ALJ decision be reversed and remanded for proper consideration of the medical opinion provided by Dr. Khaleeq.

## V. CONCLUSION

Based on the foregoing discussion, the undersigned recommends that the Court should REVERSE the ALJ's decision and REMAND this matter for further administrative proceedings.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 6; FRCP 72(b)(2). Failure to file

objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). If objections are filed, the parties shall have **fourteen (14) days** from the service of the objections to file a response. FRCP 72(b)(2). Accommodating this time limitation, this matter shall be set for consideration on **November 8, 2019**, as noted in the caption.

Dated this 8th day of October, 2019.

Theresa L. Fricke
United States Magistrate Judge