UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KAMALA SUZETTE BRAZILE, | CASE NO. C18-5914JLR |
| Plaintiff, | ORDER |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

## I. INTRODUCTION

This matter comes before the court on Plaintiff Kamala Suzette Brazile's motion for attorney's fees pursuant to 42 U.S.C. § 406(b). (Mot. (Dkt. # 22); Reply (Dkt. # 25).) Counsel for Ms. Brazile, Mr. Kevin Kerr, seeks a net award of attorney's fees in the amount of $19,600.00. (*Id.* at 1.) Defendant the Commissioner of Social Security ("the Commissioner") has filed a response to Ms. Brazile's motion requesting that the court reduce the amount of fees awarded. (Resp. (Dkt. # 24).) The court has considered the

ORDER - 1

submissions of the parties, the balance of the record, and the applicable law. Being fully advised,[1] the court GRANTS Ms. Brazile's motion for attorney's fees.

## II. BACKGROUND

On November 6, 2014, Ms. Brazile filed applications for disability insurance benefits and social security insurance benefits with the Social Security Administration ("SSA"), which were both denied. (*See generally* Admin. Record (Dkt. # 8) at 5-9, 16-35, 136, 144, 149, 211, 221.[2]) Ms. Brazile then appealed to this court, seeking reversal of the Administrative Law Judge's ("ALJ") decision denying her claims and remand for further administrative proceedings. (*See* Compl. (Dkt. # 5) at 2; Opening Brief (Dkt. # 10) at 3-6.) Pursuant to the terms of a contingent fee agreement, Ms. Brazile agreed to pay Mr. Kerr 25% of her past-due benefits if her social security appeal was successful. (*See* Fee Agreement (Dkt. # 22-1) (stating that she would pay him "the greater of 25% of any past-due benefits or such amounts as are awarded to [him] pursuant to the" Equal Access to Justice Act ("EAJA")).)

On November 5, 2019, the court adopted the report and recommendation of the Honorable Theresa L. Fricke, United States Magistrate Judge, and reversed and remanded this matter to the SSA "for proper consideration of" the medical evidence in the record. (*See generally* R&R (Dkt. # 15); 11/5/19 Order (Dkt. # 16).) Based on this court's

---

[1] Neither party has requested oral argument (*see* Mot. at 1; Resp. at 1), and the court has determined that oral argument would not be helpful to its disposition of the motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

[2] Unless otherwise indicated, the court uses the CM/ECF page numbers when citing to the parties' pleadings and exhibits.
ORDER - 2

reversal of the ALJ's decision, Mr. Kerr received attorney's fees under the EAJA in the amount of $1,998.21. (*See generally* 1/31/20 Order (Dkt. # 21).)

On remand from this court, the ALJ issued a favorable decision for Ms. Brazile, finding that she "has been disabled under . . . the Social Security Act since July 29, 2014." (*See* ALJ Decision (Dkt. # 22-3) at 13.) In December 2021, Ms. Brazile received her "Notice of Award" from the SSA. (*See* Not. of Award (Dkt. # 22-2) at 1.) In the Notice of Award, the SSA stated that it was awarding Ms. Brazile $113,719.00 in past-due benefits from January 2015 to July 2021.[3] (*See id.* at 3.)

Mr. Kerr now asserts that he is entitled to an award of attorney's fees under 42 U.S.C. § 406(b) in the amount of $19,600, which is less than 25% of Ms. Brazile's past-due benefits. (Mot. at 2, 4 (stating that 25% of Ms. Brazile's past-due benefits is $28,429.75).) He states that he will refund Ms. Brazile the $1,998.21 in EAJA fees that the court previously awarded him "upon receipt of the [§] 406(b) fees allowed." (*Id.* at 2.)

The Commissioner agrees that an award of fees is appropriate but argues that the amount requested is unreasonable because it would provide a windfall to Mr. Kerr. (*See* Resp. at 1, 3.) The Commissioner contends that Mr. Kerr's request for $19,600 in attorney's fees for 9.8 hours of work reflects an unreasonably high hourly rate of $2,000

---

[3] The SSA also stated that it had "approved the fee agreement between [Ms. Brazile] and [her] representative" and "withheld $28,429.75 from [her] past-due benefits to pay the representative." (*See* Not. of Award at 2-3 ("Because of the law, we usually withhold 25 percent of the total past-due benefits or the maximum payable under the fee agreement to pay an approved representative's fee.").)

ORDER - 3

that "is out of proportion to the time spent on the case, particularly given the relatively simple legal issue raised and the medical record." (*See id.*)

Mr. Kerr maintains that his request is nonetheless reasonable, taking into account the fact that the fee agreement between him and Ms. Brazile and 42 U.S.C. § 406(b) lawfully authorize such an award; the inherent risk in representing parties on a contingency basis in social security cases; the effective underlying hourly rate after adjusting for the "contingency multiplier" is not excessive when compared to other specialist attorneys in his area; his and his associates extensive experience and narrowly tailored briefing; and that his firm only billed for substantive work and did not bill for tasks performed by non-attorneys. (*See generally* Mot. at 3-7; Reply at 1-3.)

### III.   ANALYSIS

The court may award reasonable attorney's fees may to a successful social security claimant's lawyer pursuant to 42 U.S.C. § 406(b). *See Straw v. Bowen*, 866 F.2d 1167 (9th Cir. 1989.) Under 42 U.S.C. § 406(b)(1)(A), the court can only award fees up to 25% of a claimant's past-due benefits. 42 U.S.C. § 406(b)(1)(A). This 25% limit applies to the total of EAJA and § 406(b) fees combined. *See* 28 U.S.C. § 2412; *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (holding that a district court may award fees under both the EAJA and 42 U.S.C. § 406(b), "but the claimant's attorney must refund to the claimant the amount of the smaller fee"). The attorney fee award under § 406(b) is paid by the claimant out of the past-due benefits award, not by the losing party, and the claimant's attorney bears the burden of demonstrating the requested fee is reasonable. *See id.* at 807.

Where an attorney represents a claimant pursuant to a contingency fee agreement, that agreement is the starting point for the district court's reasonableness determination. *Id.* at 808; *see also Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009) (en banc). If the fee request is consistent with the fee arrangement and is within the statutory maximum of 25% of past-due benefits, the court then conducts an "independent check" to determine whether the requested fee is reasonable "based on the character of the representation and the results of the representative achieved." *See Gisbrecht*, 535 U.S. at 807-08. "A fee resulting from a contingent-fee agreement is unreasonable, and thus subject to reduction by the court, if the attorney provided substandard representation or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or if the 'benefits are large in comparison to the amount of time counsel spent on the case'" such that the requested fee "would constitute a windfall." *Crawford*, 586 F.3d at 1148, 1151 (quoting *Gisbrecht*, 535 U.S. at 808).

Applying the standards set forth in *Gisbrecht* and *Crawford*, the court concludes that Mr. Kerr met his burden of demonstrating that the requested fees are reasonable. The court begins its analysis by reviewing the contingent fee agreement executed by Ms. Brazile and Mr. Kerr. *See Gisbrecht*, 535 U.S. at 808. Ms. Brazile agreed to pay Mr. Kerr 25% of her past-due benefits if he successfully represented her before this court (*see* Fee Agreement)[4]—a typical fee arrangement in social security appeals, *see La Plant v. Berryhill*, No. C14-1143JCC, 2017 WL 823289, at *2 (W.D. Wash. Mar. 2, 2017). Mr.

---

[4] The court also notes that the record is devoid of any evidence of fraud or overreaching in the making of the 25% contingent fee agreement with Ms. Brazile. (*See generally* Dkt.)

1 │ Kerr's request for $19,600 in attorney's fees represents 17.24% of the $113,719.00 in
2 │ past-due benefits awarded to Ms. Brazile. (*See* Not. of Award at 2-3.)  Thus, it is well
3 │ within the statutory maximum and the amount agreed upon in the contingent fee
4 │ agreement. (*See* Fee Agreement); *see also* 42 U.S.C. § 406(b)(1)(A).

5 │ Mindful of "the primacy of lawful attorney-client fee arrangements," *Gisbrecht*,
6 │ 535 U.S. at 793, the court next considers the factors discussed above to determine
7 │ whether a downward adjustment in the requested fees is necessary in this case. Because
8 │ Mr. Kerr provided quality representation and obtained a successful result in this court,
9 │ which resulted in Ms. Brazile receiving substantial past-due benefits, the court finds that
10 │ no reduction in fees due to substandard performance is warranted. (*See generally* Dkt.;
11 │ Not. of Award; ALJ Decision; R&R; 11/5/19 Order.)  Moreover, no reduction in fees for
12 │ dilatory conduct is warranted, as there is no evidence that Mr. Kerr caused excessive
13 │ delay that resulted in an undue accumulation of past-due benefits. (*See generally* Dkt.
14 │ (showing that Mr. Kerr timely filed all pleadings and did not request any extensions).)

15 │ Finally, no reduction in fees is necessary to prevent Mr. Kerr from receiving a
16 │ windfall. In support of his request for $19,600 in attorney's fees, Mr. Kerr submitted
17 │ time records showing that he and his associates spent 9.8 hours litigating this case. (*See*
18 │ Mot. at 5; Timesheet (Dkt. # 22-4); *see also* 1/28/20 Kerr Decl. (Dkt. # 20) at 1 (stating
19 │ that the timesheet reflects work done by himself and his associates Lindsey Craven and
20 │ Alyson Young).)  The Commissioner argues that the resulting hourly rate of $2,000 is
21 │ unreasonable in light of the services provided and time spent on this case. (*See* Resp. at
22 │ //

1, 3 (discussing the "simple legal issue" raised in the opening brief and the length of the record).) The court disagrees.

The court notes that fee awards with hourly rates exceeding $1,000 have been approved by courts in this district on numerous occasions. *See, e.g.*, *La Plant*, 2017 WL 823289, at *2-3 (awarding $21,172.65 in fees for the attorneys' time at an hourly rate of $1,323.29); *Savidge v. Colvin*, C10-2020RAJ, Dkt. ## 22-1, 24 (W.D. Wash. July 8, 2015) (awarding $28,451.00 in fees at an hourly rate of $1,663.80); *Hart v. Astrue*, C10-5788RBL, Dkt. ## 33-1, 35 (W.D. Wash. Mar. 26, 2014) (awarding $33,000.00 in fees at an hourly rate of $1,650.00). Further, district court judges in Oregon, which is where Mr. Kerr practices and Ms. Brazile resides (*see* Mot. at 6; Reply at 1-2), have approved fee awards involving the same or similar hourly rates as those at issue in this case. *See, e.g.*, *Bates v. Comm'r, Soc. Sec. Admin.*, No. 3:18-cv-00118-HZ (D. Or. Aug. 27, 2021), Dkt. # 30 (awarding $21,200.00 in fees at an hourly rate of $2,000); *Hicks-McSwain v. Comm'r, Soc. Sec. Admin.*, No. 3:16-cv-02111-JR (D. Or. Jan. 25, 2021), Dkt. # 28 (awarding $28,400.00 in fees at an hourly rate of $2,000); *Steven M. v. Comm'r, Soc. Sec. Admin.*, No. 3:18-CV-00459-HZ, 2020 WL 249990, at *2 (D. Or. Jan. 16, 2020) (awarding $13,110.00 in fees at an hourly rate of $1,898.00). Thus, the high hourly rate of which the Commissioner complains (*see* Resp. at 1, 3) does not persuade the court that the amount requested is unreasonable, *see La Plant*, 2017 WL 823289, at *2; *see also Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) ("[B]asing a reasonableness determination on a simple hourly rate basis is inappropriate when an

//

1 | attorney is working pursuant to a reasonable contingency contract for which there runs a substantial risk of loss.").

Moreover, the court declines to find that the requested fees constitute a windfall merely because Mr. Kerr engaged in effective and efficient billing and litigation practices. *See, e.g.*, *Edgar v. Comm'r, Soc. Sec. Admin.*, No. 3:14-cv-0267-SI (D. Or. June 5, 2018), Dkt. # 27 (finding, in a case involving counsel from Mr. Kerr's firm, that the requested fees did not constitute a windfall primarily based on counsel's narrowly tailored briefing and efficient billing practice). For example, Mr. Kerr did not bill for paralegal time,[5] nor did he bill for every email sent or received, for every review of an entry into the court's docket, or for other administrative tasks. (*See* Timesheet; 1/28/20 Kerr Decl.; *see also* Mot. at 6 (noting that the hours billed "reflect an efficient billing practice that focuses on substantive work rather than billing for each and every trivial action on the case").) The omission of such clerical entries is in line with the type of efficient billing practice that judges in this district and elsewhere in the Ninth Circuit have encouraged attorneys to follow. *See, e.g.*, *Meeker v. Berryhill*, No. C17-5212DWC, 2018 WL 1941793, at *4 (W.D. Wash. Apr. 25, 2018) (excluding the time that the plaintiff's attorney billed for clerical tasks "such as calendaring deadlines and drafting brief emails to opposing counsel"); *Price-Holt v. Dornay*, No. C17-1357JLR, 2019 WL

---

[5] Mr. Kerr's exclusion of paralegal hours distinguishes this case from those that the Commissioner cites. (*See* Resp. at 2-3 (first citing *Soriano v. Saul*, 831 F. App'x 844, 844-45 (9th Cir. 2020) (unpublished); and then citing *Robles v. Berryhill*, No. 5:16-cv-02318-GJS, 2019 WL 1581411, at *2 (C.D. Cal. Jan 16, 2019), *aff'd sub nom. Robles v. Saul*, 831 F. App'x 272 (9th Cir. 2020) (unpublished)).)

247500, at *4 (W.D. Wash. Jan. 17, 2019) (excluding time billed for clerical tasks like reviewing and preparing emails); *Miller v. Schmitz*, 2017 WL 633892, at *7 (E.D. Cal. Feb. 15, 2017) (excluding time billed at 0.1-hour increments for receiving automatic ECF notices because "[r]eceipt and review of these emails is entirely clerical in nature"). Additionally, because Mr. Kerr and his associates are well versed in social security law, they were able to "efficiently and quickly complete briefing in a few hours." (*See* Mot. at 5-6.) Finally, Mr. Kerr narrowly tailored his briefing by choosing to litigate only Ms. Brazile's strongest argument rather than presenting additional arguments that have little basis in law or fact.[6] (*See generally* Compl.; Admin. Record; Opening Brief.)

Given the effective and efficient representation that Mr. Kerr provided and the "significant risk" that he assumed in accepting Ms. Brazile's case on a contingent basis, "including the risk that no benefits would be awarded," the court finds that the requested fees do not constitute a windfall.[7] *See Crawford*, 586 F.3d at 1152 (considering the

---

[6] *See McCreary v. Kijakazi*, No. 1:19-CV-00219-CWD, 2021 WL 3197027, at *2 (D. Idaho July 28, 2021) (discussing how raising such additional arguments "takes more time and effectively reduces counsel's hourly rate, but does little to promote justice or efficiency").

[7] As Mr. Kerr notes, his hourly rate in this case was calculated using a four time "contingency multiplier" because of the significant risk of non-payment in social security cases. (*See* Mot. at 5-6 (stating that the requested fee of $2,000 per hour represents an effective non-contingent hourly rate of $500, which is not excessive in his geographic area); Reply at 1-3 (same)); *see also Brown v. Astrue*, No. C08-5716KLS, 2010 WL 605301, at *4-5 (W.D. Wash. Feb. 19, 2010) ("If a successful result is achieved, counsel 'should be compensated above' his or her 'normal hourly fees to recognize the risk of contingent litigation.'" (quoting *Ellick v. Barnhart*, 445 F. Supp. 2d 1166, 1172 (C.D. Cal. 2006))); *Hearn*, 262 F. Supp. 2d at 1037 ("Congress has indicated the permissibility, within limits, of rewarding attorneys for assuming the risk of going uncompensated for representing Social Security claimants." (quoting *Dodson v. Comm'r, Soc. Sec. Admin.*, No. 4:00CV00022, 2002 WL 31927589 *2 (W.D. Va. Oct. 22, 2002))).

"significant risk" that social security attorneys face in taking cases on a contingent basis in determining whether the requested fees are reasonable or would constitute a windfall); (*see also* Mot. at 6 (discussing evidence of the "substantial risk of non-payment" that social security attorneys face (citing Social Security Administration, *Fiscal Year 2017 Workload Data*, https://www.ssa.gov/budget/FY19Files/2019CJ.pdf (last visited February 3, 2022), at 206))). Accordingly, the court determines that a net fee award of $19,600 to Mr. Kerr is reasonable.

## IV.  CONCLUSION

For the foregoing reasons, the court GRANTS Ms. Brazile's motion for attorney's fees (Dkt. # 22) and authorizes an attorney's fee award of $19,600.00 in accordance with 42 U.S.C § 406(b). When issuing the 42 U.S.C. § 406(b) check for payment to Ms. Brazile's attorney, Mr. Kevin Kerr, the SSA is directed to send to Mr. Kerr the net balance of $19,600.00, minus any applicable processing fees as allowed by statute. Following the receipt of the § 406(b) fees, the court ORDERS Mr. Kerr to refund to Ms. Brazile the previously awarded EAJA fees in the amount of $1,998.21.

Dated this 18th day of February, 2022.

JAMES L. ROBART
United States District Judge